IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT LEE WILLIAMS,<br><br>    Defendant. | No. CR05-4123-MWB<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on February 3, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Robert Lee Williams appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Task Force Officer Brad Downing.

The court must determine whether any condition or combination of conditions will reasonably assure Williams's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Williams as required and the safety of the community if the court finds there is probable cause to believe Williams committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal

by Williams. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates a significant number of witnesses have provided information to law enforcement regarding Williams's drug trafficking activities. Witnesses have stated Williams is involved in both manufacturing and selling crack cocaine in the Sioux City, Iowa, area. Witnesses also have provided information that Williams pistol-whipped an individual, and he has been seen carrying a handgun. At the time of his arrest, a handgun was found in the bedroom where he and his codefendant were located. The record also indicates Williams has a criminal history that includes several convictions for absence from custody, drug-related charges, and charges involving assaultive behavior.

In addition, the Government's case against Williams appears to be quite strong. At least two controlled drug buys were made involving Williams. Williams has failed to offer any evidence to rebut the presumption that he would be a danger to the community. The presumption arises from the charge itself. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate Williams would be able to refrain from continuing to engage in criminal activities if he

were released.  The court further finds that although Williams has significant ties to the community, his behavior nevertheless indicates he is a flight risk.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Williams is a flight risk, and has proved by clear and convincing evidence that Williams would be a danger to the community if released.  Therefore, the court finds the following:

1.  Williams is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.  The Attorney General shall afford Williams reasonable opportunity for private consultation with counsel while detained.

3.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Williams to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.  If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

(a) Attach a copy of the release/detention order to the appeal;

(b) Promptly secure a transcript.

5.  There is *no automatic stay* of this Order.  Therefore, Williams must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 3rd day of February, 2006.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT