# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-4123-LTS |
| vs. | |
| ROBERT LEE WILLIAMS, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

This case is before me on defendant Robert Williams' pro se motion (Doc. 238) and amended motion (Doc. 249) pursuant to § 404 of First Step Act (FSA). The Government resists (Doc. 250).

## I. BACKGROUND

The FSA became law on December 21, 2018, and, relevant to this case, made the Fair Sentencing Act of 2010 retroactive. Section 404 of the FSA provides that a court may, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B). The FSA defines a "covered offense" as any crime which had its penalties modified by § 2 or § 3 of the Fair Sentencing Act of 2010. § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of 21 U.S.C. § 841(b) related to cocaine, effectively reducing the penalty applicable to a qualifying defendant. *See also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

On January 18, 2019, Williams filed a pro se motion (Doc. 238) pursuant to § 404 of the FSA and later filed a motion (Doc. 240) to appoint counsel. On February 3, 2020, I entered an order (Doc. 243) appointing the federal public defender to represent

Williams. I directed counsel to review Williams' potential eligibility for relief pursuant to the FSA and file an amended motion if appropriate.

Williams filed an amended motion (Doc. 249) on March 30, 2020. On April 27, 2020, the Government filed a response (Doc. 250) indicating that it did not believe Williams is eligible for a sentence reduction and, in the alternative, that I should exercise my discretion to deny relief. Williams filed a reply (Doc. 254) on May 13, 2020. On June 12, 2020, the Government filed a supplement (Doc. 255) withdrawing its argument that defendant is ineligible for relief.

## II. ORIGINAL SENTENCE

On December 15, 2005, Williams was charged in a superseding indictment with three counts related to the distribution of crack cocaine and two firearm related counts. Doc. 16. On June 28, 2006, a jury convicted him of Count 1s, conspiracy to distribute crack cocaine in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851; Count 2s, possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Count 3s, distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Count 5s, possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and Count 6s, felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 104.

Williams was a subject to a statutory imprisonment range on Count 1s of 20 years to life, with a supervised release range of ten years to life; on Count 2s of five to 40 years, with a supervised release range of four years to life; on Count 3s of zero to 20 years, with a supervised release range of three years to life; on Count 5s of five years (consecutive), with a supervised release range of zero to three years; and on Count 6s zero to ten years, with a supervised release range of zero to three years. The presentence investigation report (PSIR) calculated that Williams was responsible for 2,000 grams of

2

cocaine base. Doc. 140 at 8, ¶ 36. This equated to a base offense level of 38 and, ultimately, a total offense level of 38. *Id*. at 8-10, ¶¶ 36, 57.

With a criminal history category of VI, Williams' USSG range on Counts 1s, 2s, 3s and 6s was 360 months to life in prison, plus 60 months consecutively on Count 5s. Doc. 140 at 24, ¶ 117. At sentencing, United States District Judge Mark W. Bennett used 396 months as a starting point, but granted a 20% reduction based on his disagreement with the ratio difference between crack and powder cocaine. He thus sentenced Williams to 316 months on Counts 1s and 2s, along with the maximum terms of 240 months on Count 3s and 120 months on Count 6s, all to be served concurrently with each other. He then added the required, consecutive sentence of 60 months on Count 5s for a total sentence of 376 months. Doc. 135. The judgment also imposed a total of 10 years on supervised release. *Id*.

Judge Bennett later reduced Williams' sentence pursuant to retroactive USSG amendments in 2011 and 2015. Docs. 206, 227. At the time of the latter reduction, Williams' amended total offense level was 33, resulting in amended guideline range of 240 months to 293 months incarceration, plus (again) 60 months consecutive on Count 5s. Judge Bennett reduced Williams sentence to 240 months plus 60 months, for a total sentence of 300 months. Doc. 227 at 4.

At the time Williams filed his present motion, he had served approximately 195 months with good time credit. *See* Doc. 249-1 at 32.

## III.   *FSA ANALYSIS*

As noted above, the FSA allows a court to reduce a defendant's sentence for a "covered offense" as if the Fair Sentencing Act had been in effect at the time of the original offense. An offense is covered if its penalties were altered by § 2 or § 3 of the Fair Sentencing Act of 2010. The parties agree that Williams is eligible for relief because he was convicted of a crack cocaine offense before 2010 and his statutory sentencing

3

range would have changed had the Fair Sentencing Act been in effect at the time of the charged offense.[1] Under the Fair Sentencing Act, Williams' statutory incarceration range on Count 1s would be ten years to life, on Count 2s it would be zero to 20 years, on Count 3s it would be zero to 20 years, on Count 5s it would remain five years (consecutive) and on Count 6s it would be zero to 10 years.[2] Thus, had Williams been sentenced under the Fair Sentencing Act, he could have received a lower sentence. Williams committed a covered offense and is therefore eligible for relief pursuant to § 404 of the FSA.

Once a court has determined that a defendant is eligible for relief, the next question is whether the court should exercise its discretion to grant relief. *McDonald*, 944 F.3d at 772. To do that, I first consider the amended USSG range. Under the Fair Sentencing Act and other retroactive changes that have already been applied to Williams' sentence, he now has a total offense level of 33 and a criminal history category of VI, resulting in a USSG range of 235 months to 293 months on Counts 1s, 2s, 3s and 6s, along with the 60-month consecutive sentence on Count 5s. However, there is a question of whether that calculation is correct, as it is based on the original PSIR and the parties agree there was an error in the original PSIR. As explained by the Government:

> [D]efendant claims that the level 33 offense level (and consequently, the resulting range of 235 to 293 months' imprisonment) was erroneous. Based on the information contained in the presentence report, the government agrees that it appears the offense level for Count 6 (the felon-in-possession count) was miscalculated in the presentence report. Instead of offense level 24, the offense level for Count 6 likely should have been 14. When

---

[1] The Government initially argued that the quantity found at sentencing controlled, such that Williams' statutory sentencing range would not change. The Government later withdrew that argument in light of *United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020). *See* Doc. 255.

[2] The United States Probation Office for the Northern District of Iowa has prepared a memo calculating Williams' amended statutory and guideline range, considering the Fair Sentencing Act and the applicable changes to the Guidelines. That memo will be filed contemporaneously with this order.

4

applying the grouping rules, defendant's total offense level would be
reduced to 32, instead of 33. This would, in turn, lower the guidelines
range to 210 to 262 months' imprisonment.

Doc. 250 at 24-25. Based on this error, the Government states:

In this case, if the Court finds that a reduction is permissible and warranted,
it should reduce defendant's sentence to no lower than 210 months'
imprisonment, which represents the bottom of the amended range that
would have applied absent any miscalculation at sentencing. . . In this case,
a sentence of 210 months would, technically, be a below-guidelines
sentence, because the Court does not have authority to recalculate the
erroneous guideline calculation for Count 6. However, fairness dictates
that, in this case, the Court consider the prior guidelines miscalculation as
a § 3553(a) factor in determining the scope of any reduction. Doing so
would not create unwarranted disparity. Instead, it would provide
defendant with the same level of reduction that would have been possible
had he been sentenced after the FSA 2010 was in effect.

Doc. 250 at 25-27.

As the Government noted, correcting for the error regarding the USSG §3D1.4 multiple count adjustment would result in a total offense level of 32 and an amended USSG range would be 210 to 262 months. However, in a previous case dealing with a request for a sentence reduction pursuant to § 404 of the FSA, I stated:

I agree with those courts that have rejected the disparate treatment of crack
and powder cocaine and therefore express my categorical disagreement with
the crack cocaine (or cocaine base) guidelines. In applying this
disagreement, I will utilize the same procedures I described in *United States
v. Harry*, 313 F. Supp. 3d 969, 974 (N.D. Iowa 2018), in which I expressed
a categorical policy disagreement with the USSG's 10:1 ratio between
actual (or ice) methamphetamine and methamphetamine mixture. Thus, in
any case involving quantities of crack cocaine, I will first make standard
guideline findings using the crack cocaine guidelines. Then, by way of
variance, I will calculate an alternative base offense level, applying a 1:1
ratio such that any quantity of crack cocaine will be treated as the same
quantity of powder cocaine. I will then apply any applicable increases or
decreases to that base offense level (*e.g.*, aggravating or mitigating role and
acceptance of responsibility) to arrive at an alternative total offense level.

5

> I will use this alternative total offense level, in combination with the defendant's criminal history category, to calculate the adjusted guidelines range.

*United States v. Lee*, 468 F. Supp. 3d 1103, 1108-09 (N.D. Iowa 2020). Using the procedure outlined in *Lee*,[3] Williams' total offense level would be 28, his criminal history category would remain VI, and his USSG range on Counts 1s, 2s, 3s and 6s would be 140 to 175 months.[4]

Williams argues that I should grant a substantial sentence reduction. He states that although he had a firearm in connection with the offense conduct, he was not a leader or organizer. Moreover, he notes that he has attempted to rehabilitate himself while in custody, taking classes and completing his GED.[5] Williams also states that while he has been disciplined four times while in custody, two were minor offenses and only one involved fighting. The Government argues that reducing Williams' sentence would result in an unwarranted sentencing disparity. The Government also argues that denial of Williams' motion is appropriate because of his lengthy criminal history and the large quantity of drugs involved in the offense conduct.

Neither the FSA nor the Federal Rules of Criminal Procedure require a hearing, nor the defendant's presence at such a hearing. *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). After considering the parties' arguments, the case history, and the

---

[3] In *Lee*, I also expressly found that the FSA allows me to vary below the amended USSG range. *See Lee*, 468 F. Supp. 3d at 1108 (*citing United States v. Chambers*, 956 F.3d 667, 675 (4th Cir. 2020)). The Government does not appear to argue otherwise. *See* Doc. 250 at 25 ("While such a reduction may not be prohibited by the First Step Act . . .").

[4] This calculation is based on the original PSIR and does not correct for the USSG § 3D1.4 error discussed above.

[5] *See United States v. Goolsby*, 806 F. App'x 502, 2020 WL 2787705, at *2 (8th Cir. 2020) (unpublished) ("While a district court may reduce a sentence based on post-sentencing rehabilitation or other mitigating factors, a court is not required to do so.").

6

18 U.S.C. §3553(a) factors,[6] I find that Williams' sentence should be reduced to 154 months (but not less than time served) on Counts 1s, 2s and 3s,[7] along with the previously-imposed 120 months on Count 6s, to be served concurrently with the sentence on Counts 1s, 2s and 3s, plus the previously-imposed 60 months on Count 5s, to be served consecutively to the sentence on Counts 1s, 2s, 3s and 6s, for a total sentence of 214 months. This will be followed by eight years of supervised release, which consists of eight years on Count 1s and three years on Counts 2s, 3s, 5s and 6s, all to be served concurrently.

In arriving at this amended sentence, I first note that Judge Bennett started his original sentence calculation at 396 months, which was 10% above the bottom of the original USSG range. He then varied below the bottom of the guideline range because of a disagreement with the crack versus powder cocaine ratio. I have used the adjusted range, as determined by the procedure set out in *Lee*. As explained above, this results in a downward variance to achieve the same goal as Judge Bennett's original variance. I find it important to preserve Judge Bennett's original determination that a starting point above the bottom of the guideline range is necessary. Judge Bennett started his calculation of Williams' sentence 10% above the bottom of the range because of Williams' extensive criminal history, which includes domestic abuse, assault and escape from custody, along with the large quantity of crack cocaine involved in this case. A sentence of 154 months on Counts 1s, 2s and 3s correspondingly amounts to 10% increase above the bottom of the amended USSG range (after the *Lee* variance). I find this to be

---

[6] The FSA does not mandate the court consider the § 3553(a) factors, however, many courts have chosen to consider the factors in determining whether a reduction is appropriate. *See United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020).

[7] Although there remains a question as to whether Count 3s (a charge brought pursuant to 21 U.S.C. § 841(b)(1)(C)) is a covered offense, the Government concedes that if I find that a sentence reduction is appropriate regarding Counts 1s and 2s, I should also reduce the sentence for Count 3s. *See* Doc. 250 at 24, n. 10.

the appropriate sentence on Counts 1s, 2s and 3s. I further find that the resulting total sentence of 214 months' incarceration is sufficient but not greater than necessary to achieve the goals of sentencing

## IV. CONCLUSION

For the reasons set forth herein:

1. Williams' amended motion (Doc. 249) for a sentence reduction is **granted** and his sentence is hereby **reduced** to a total sentence of <u>214 months'</u> incarceration. This consists of 154 months (but not less than time served) on Counts 1s, 2s and 3s, along with the previously-imposed 120 months on Count 6s, all to be served concurrently, plus the previously-imposed 60 months on Count 5s, to be served consecutively to the sentence on Counts 1s, 2s, 3s and 6s.

2. Williams' term of supervised released is hereby **reduced** to a total of eight years. This consists of eight years on Count 1s and three years on Counts 2s, 3s, 5s and 6s, all to be served concurrently.

2. Because the reduction granted by this order may result in Williams' immediate release, the implementation of the order is **stayed** until **<u>April 19, 2021</u>**, so both the BOP and the United States Probation Office will have time to prepare if Williams is entitled to immediate release.

3. Williams' original pro se motion (Doc. 238) is **denied as moot**.

4. All other provisions of the original sentence and judgment (Doc. 135) remain in effect except as modified herein.

8

**IT IS SO ORDERED.**

**DATED** this 9th day of April, 2021.

                                                                                     _____

                                                                                     Leonard T. Strand, Chief Judge